## Langley v. Spooky Hollow Realty Co. et al.

(Decided Oct. 31, 1933.)

C. P. BRADBURY for appellant.

DODD & DODD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This suit was brought by H. C. Langley against Spooky Hollow Realty Company, Spooky Hollow, Inc., and J. A. Welch and others, to recover a balance of $809.88 due on a contract whereby, in consideration of his services in superintending the building of a dam on the property of the Spooky Hollow Realty Company, he was to receive 20 per cent. of the total cost of the construction. Liability of the individual defendants is predicated on the theory that they were the sole managers of the Spooky Hollow Realty Company, and had in their hands assets of that company sufficient to pay the debt, and that in fraud of his rights the individual defendants organized Spooky Hollow, Inc., and conveyed to it all the assets of the Spooky Hollow Realty Company for less than they were worth, and without paying his debt. The defendants filed an answer denying the allegations of the petition, and pleading affirmatively that the Spooky Hollow Realty Company was liquidated with the consent of more than 50 per cent. of its stockholders. Thereupon Langley filed an amended

petition which, in addition to other averments not necessary to be considered, alleged in substance in paragraph 3 that, when he was awarded the contract, he was informed by the president that, unless he would let the president in as a silent partner, and share with him the profits, including his salary, the president would stop the work, and, rather than have the work stop, he let the president in on the contract and shared with him his profits to the extent of $800; that this money was unlawfully collected, and there was no consideration therefor. To the petition as amended the court sustained a demurrer. After this was done, Langley filed a second amended petition adopting the allegations of the original and first amended petition, "except paragraph No. 3 of the first amended petition is omitted from this pleading, and not adopted as a part hereof, and said paragraph No. 3 is hereby withdrawn and stricken from this record." Thereafter the court sustained the demurrer to the second amended petition, and, Langley having declined to plead further, the petition as amended was dismissed. Langley appeals.

It is unnecessary to determine whether the petition as amended is sufficient, were it not for the allegations which we shall proceed to consider. It will be observed that appellant pleaded that he let the president of the Spooky Hollow Realty Company in on the contract, and shared with him his profits to the extent of $800. If this be true, and it is solemnly averred, there can be no doubt as to the character of the agreement. Being a fraud on the corporation, and immoral and vicious in its purpose and results, the agreement was of the kind that the law denounces as illegal, and will not be enforced by the courts. Thomas v. Brownsville, Fort Kearney & Pacific Railroad Company, 109 U. S. 522, 3 S. Ct. 315, 27 L. Ed. 1018.

In opposition to the foregoing conclusion, it is suggested in brief that appellant built two dams, and that the sum sought to be recovered is the balance due on the contract for the second dam, while paragraph 3 of the amended petition refers only to the first dam. There is nothing in the pleadings that shows two separate and distinct contracts for two dams. All that appears either in the petition or the amendment is that appellant entered into a contract with the corporation to superintend the construction of a dam, and that there was a balance

due on the contract. Therefore, for aught that the pleadings disclosed, the sum sought to be recovered of the president is a part of the profits arising from the contract sued on, and the contention that it is a part of the profits of a different contract cannot be sustained.

There is the further insistence that appellant had the right under the Code to withdraw, and did withdraw, the allegations contained in the third paragraph of the amended petition, and, when this was done, they no longer should be considered in determining the sufficiency of his pleading. It is true that, by the provisions of section 134, Civil Code of Practice, the court may at any time in furtherance of justice, and on such terms as may be proper, cause or permit a pleading or proceeding to be amended by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, if the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. Under this section it is within the sound discretion of the trial court to permit a party to withdraw a pleading, or certain allegations therein, in order to correct a mistake. Here it was not alleged that the allegations contained in paragraph 3 of the amended petition were untrue, or that they were inserted by mistake. All that appellant attempted to do was to withdraw the allegations. In the circumstances, the case is simply one where no sound reason was shown why the allegations should be withdrawn, and it cannot be said that the court abused a sound discretion in refusing to permit them to be withdrawn. Aside from this, the amended petition containing paragraph 3 is still a part of the record. There being no contention that it was filed without the knowledge or consent of appellant, or that its allegations were made by mistake, it stands as an admission, even though the court had permitted the allegations to be withdrawn.

Judgment affirmed.