Jim PERRY, Appellant,

v.

Bill LIVINGSTON and Joe Meneghini, partners doing business under the firm name and style of B & J Coal Company, and Ray O. Salyers, Appellees.

Court of Appeals of Kentucky.

Nov. 30, 1956.

James S. Greene, Jr., Harlan, for appellant.

James Sampson, Wm. A. Rice, Harlan, for appellees.

CLAY, Commissioner.

This is a suit for property damage arising out of the collision of two trucks. The jury denied damages on the ground both drivers were negligent. On this appeal plaintiff contends the court erroneously instructed the jury on the issue of contributory negligence. This contention is based on the alleged failure of defendants properly to plead this defense.

In plaintiff's Complaint it was stated that one Arnold Brashears was the driver of plaintiff's truck. In defendants' "Answer and Counterclaim" they alleged that the carelessness and negligence of Brashears caused or contributed to plaintiff's damages. In that particular paragraph of the Answer no allegation was made that Brashears was the agent of plaintiff acting within the scope of his authority. However, in the counterclaim part of this pleading, which immediately follows the above defense, such allegations are made. In plaintiff's Reply, the truthfulness of those allegations with respect to agency are specifically admitted.

Considering the pleadings as a whole, it is alleged and admitted that Brashears was the plaintiff's agent acting within the scope of his authority at the time

of the accident, and it is further alleged that his negligence caused or contributed thereto. This was clearly a sufficient plea of contributory negligence as to the plaintiff. While it is better practice under CR 10.02 to make each unit of a pleading separate and complete insofar as practicable in the interests of clarity, the particular physical location of a material allegation in a pleading is not of controlling importance in determining the issues raised. Defendants' Answer and Counterclaim contained an adequate defense of contributory negligence on the part of the plaintiff acting through his agent.

Plaintiff argues, however, that since defendants' attorney in his opening statement to the jury abandoned the counterclaim, which alleged agency, the pleading allegations with respect thereto were somehow extinguished, and for that reason the plea of contributory negligence was deficient. We see no reason why the course of the trial of an action should change the legal effect of pleadings.

One of the principal purposes of pleading is to develop the precise points in dispute by formulating the true issues to be tried. See 41 Am.Jur., Pleading, Section 3; Clay, CR 8.01, Comment 1. The allegations in defendants' Answer and Counterclaim and the admission in plaintiff's Reply eliminated any issue concerning the fact that Brashears was plaintiff's agent. Whether or not defendants intended to or were able to establish a counterclaim on the trial of the action could have no effect upon the admitted existence of the agency relationship. It has even been held that an admission in a pleading is still binding though the pleading is withdrawn. Langley v. Spooky Hollow Realty Co., 251 Ky. 76, 64 S.W.2d 459. In drafting the contributory negligence instruction the trial court properly considered the pleadings as having established the agency of plaintiff's driver, and therefore the only dispute on this issue was whether or not such driver was negligent.

Plaintiff's other contention is that the instruction covering the negligence of both drivers authorized the jury to consider the respective damages of each party in reaching a verdict, whereas the defendants had abandoned their claim for damages. This argument approaches the frivolous. The instruction says nothing whatever about damages. It related only to the question of liability and the issue of concurrent negligence was fairly presented.

The judgment is affirmed.